BRANNIN v. VOORHEES.

A demand for money had and received, without saying from whom or for whose use, is insufficient.

Where the justice, on the adjourned day, again adjourned the cause, in the absence of the defendant and without his consent, and then proceeded to hear the case in his absence, without giving him any notice of the time and place of adjournment, this court set aside the judgment.

Is it a discontinuance of the suit, if the justice, prevented by sickness or urgent business from attending on the return day of the summons, or on the day to which the cause has been adjourned, out of court, and in the absence of the parties, adjourns the cause to another day? Quere. But if the justice may do so, both parties ought to have reasonable notice of the time and place, and the fact that such notice was given, ought to appear.

This was a certiorari directed to a justice of the peace, removing a judgment rendered in the court for the trial of small causes. The opinion of the court was delivered by the chief justice.

*Brown* for plaintiff in certiorari.

HORNBLOWER, C. J. Two errors have been assigned in this case, and both of them are fatal.

I. The state of demand is uncertain and insufficient.

The first item is as follows: "May 19th, 1822. To cash had and received, to pay in Mount Holly Bank, ten dollars;" and upon this interest is charged for twelve years and two months. The second charge is as follows: "August 21, 1822. To do. do. to pay do. twenty dollars;" and upon this is charged interest for eleven years and eleven months. By whom were these moneys received? Of whom, and for whose use were they received? For what purpose, or for whose benefit were they to be paid in bank? And were they actually paid in the bank, or were they not? These are questions that cannot be answered, but by conjecture. If the money was received of the plaintiff by the defendant, to be by him applied to his own use in the bank or in any other way; then it was money *lent* to him by the plaintiff. If, on the other hand, the money was received of the plaintiff, by the defendant, to be by him paid in bank, to the use or credit of the plaintiff, then the state of demand ought to show that the defendant did not so pay it; or that he misapplied the money; and if it was money received by

the defendant, of a third person, for the use of the plaintiff, then it should be so stated, and from whom received; that the defendant may be apprized of the nature and grounds of the plaintiff's demand, and be prepared to resist it. Instead of this, the whole is left open by this state of demand, to conjecture and uncertainty.

The next two charges are, perhaps, proper items of a book account; but then follows in succession, though under different dates, in 1829, six entries, in this manner, viz: "To cash had and received:" but of whom, or for whose use, is not stated. There is also a charge of six and a quarter cents for rum; and then an entry as follows: "To order on Andrew Johnson, twelve dollars." The account thus made up, amounts to seventy-four dollars and fifty-nine and three quarters cents, at the foot of which is written, "by credit per loose slip, eighteen dollars and eighty-seven and a half cents, leaving a balance in favor of the plaintiff, of fifty-five dollars and seventy-two cents, for which judgment was rendered by the justice. Opposite the charge for rum, is written the word "omitted;" but the amount is nevertheless included in the sum for which judgment was given. It appears by the record, that the only evidence in support of this demand, was the plaintiff's book of accounts.

How far the decisions in this court in the case of *Jones* v. *Butterworth,* 2 *Penn. Rep.* 455; *Wilson* v. *Wilson* 1 *Halst. Rep.* 95; and of *Carman* v. *Dunham* 6 *Halst. Rep.* 189, may be considered as establishing the doctrine in this state, that *cash* may be charged in account and then the book be received as evidence of the correctness of the charge; it is not now necessary to inquire. If the question is open to discussion, and shall hereafter be presented to the court, I shall feel strongly inclined to adopt the sentiments expressed by Mr. Justice Ford, in hte case of *Wilson* v. *Wilson,* admitting, however, for the present, that charges of cash with day and date here and there occurring in an account, which in all other respects, appear to be an ordinary and regular account between the parties, may be proved by the plaintiff's book, yet these entries are of a different character. The words, "To cash," or "To cash paid you," or "To cash lent you," have something specific about them; but a demand

for money had and received, without saying from whom, or for whose use, is entirely too vague.   No case, I believe, has gone so far as to make a party's book of accounts evidence of such transactions ; and a state of demand for money had and received to plaintiff's use, was held to be bad, in *Bruen* v. *Douglass,* 2 *Penn. Rev.* 464.   Another fatal objection to the state of demand is, the charge of twelve dollars, for an order on Johnson. *Stewart* v. *Patterson,* 2 *Green. Rep.* 141.

The second error is, that the justice adjourned the cause, and then proceeded to hear the case in the absence of the defendant, without giving him any notice of the time and place of adjournment.

It appears that on the return day of the summons, the cause was adjourned to a certain day and hour; at that time, the justice did not attend, "and therefore," (as he expresses it,) he "prepared another written adjournment and directed it to the defendant," by the constable.   On the day to which he so adjourned, he proceeded to hear the cause and gave judgment in the absence of the defendant.   It is not necessary in this case to settle the question whether if the justice is prevented by sickness or urgent business from attending on the return day of the summons, or on the day to which the cause has been adjourned, he may, out of court and in the absence of the parties, adjourn the cause to another day.   Such a proceeding, without the consent of parties, I am inclined to think, would be a discontinuance of the suit.   But if the justice may do so, both parties ought to have reasonable notice of the time and place ; and the fact that such notice was given, ought to appear.

On both grounds, therefore, the judgment must be reversed.

CITED in *note to Neighbour* v. *Trimmer,* 1 *Harr.* 61 ; *Wolverton* v. *Wolverton,* 4 *Zab* 420 ; *Denny* v. *Quintin,* 4 *Dutch.* 137.